FILED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

2018 NOV 21  PM 3: 17

RUSSELL SIMONS, on Behalf of Himself
and All Others Similarly Situated,

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

Plaintiffs,

v.

Case No. 6:18-cv-2002-orl
37-RRS
HON.
PROPOSED CLASS ACTION
DEMAND FOR JURY TRIAL

FIRST AMERICAN TITLE INSURANCE
COMPANY, aka and dba FIRST AMERICAN,

Defendant.

_____/

### CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff Russell Simons ("Simons" or "Plaintiff"), on behalf of himself
and all others similarly situated, by and through counsel, DC CAPITAL LAW, LLP, and files
this PROPOSED CLASS ACTION against the above-listed FIRST AMERICAN TITLE
INSURANCE COMPANY, aka and dba FIRST AMERICAN ("First American" or
"Defendant"), on the grounds set forth herein:

### I.    PRELIMINARY STATEMENT

In Defendant's debt collection notices throughout the State of Florida, Plaintiff and
Proposed Class Members were not afforded the opportunity to exercise their mandatory Federal
rights to dispute the debt and to seek verification of the debt, prior to their private information
and the debts being placed on the public record, as class violations of 15 U.S.C. § 1692g, 15
U.S.C. § 1692g(b), 15 U.S.C. § 1692c(b), 15 U.S.C. § 1692f(1) and FLA. STAT. §§ 559.72(9),
559.72(13), 559.72(14), and 59.72(5).

1.    **Violation of 15 U.S.C. §§ 1692g(a)(1) through (5) and 15 U.S.C. §§ 1692g(b)**.

Plaintiff alleges that Defendant's collection practices violate both the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA") and The Florida Consumer Collection Practices Act ("FCCPA"), 559.55 *et seq.*, statutes enacted expressly to protect consumers from the types of harm alleged herein. Defendant violated the FDCPA by, *inter alia*, sending Plaintiff and Proposed Plaintiff Class Members collection notices for up to $1,100.00 in collection payments and foreclosure fees and costs that failed to include the required Federal Dispute and Validation disclosures regarding Plaintiff's and Proposed Class Members' statutorily protected rights to dispute the debt and seek verification thereof pursuant to 15 U.S.C. § 1692g. Such practices of Defendant also violated the complementary Florida Statutes, Sections 559.72(9), 559.72(13), 559.72(14), and 559.72(5).

2.      **Violation of 15 U.S.C. §§ 1692c(b)** Without the prior consent given directly to the debt collector, said violations of the FDCPA in Paragraph #1 led to the private debt information of Plaintiff Simons and the Proposed Class Members being placed in the public records through the State of Florida for all to see in violation of 15 U.S.C. §§ 1692c(b). Such publication by Defendant also violated Florida Statutes, Sections 559.72(9), 559.72(13), 559.72(14), and 559.72(5). **Please see the Batch Filing of Defaults of the Proposed Plaintiff Class at Exhibit 4**.

3.      Defendant further violated both the FDCPA and FCCPA when it threatened to, and ultimately did, cause a Claim of Lien and a Trustee's Notice of Sale to be recorded in the public records of Orange County, Florida, while seeking additional amounts without any basis in law or fact. The aforementioned statutes in Paragraph #1 and Paragraph #2 plainly state that debt collectors may only collect amounts that arise from a debtor's obligations to the creditor, not arbitrary costs and fees imposed by the debt collector Defendant First American here. **See**

**Exhibit 4 showing the placing of the Plaintiff's name and private debt information along with hundreds of other Florida Residents attached to Defendant's Notice to Orange County.**

4.      Despite having failed to properly notify Plaintiff and the Proposed Class Members of their statutory rights to dispute the debt and to seek validation thereof, Defendant nonetheless proceeded to improperly and impermissibly foreclose on the timeshare property interest—considered *in personam* personal property under Florida law—using an *in rem* proceeding in Orange County, Florida, in flagrant violation of both the FDCPA at 15 U.S.C. § 1692g(b) and the FCCPA. **Please see Exhibits 1, 2, 3, and 4.**

5.      The FDCPA requires not only that debtors be given the right to dispute the debt and to seek verification thereof, but also, *inter alia*, that the debt collector demonstrate its authority to recover the alleged debt from the debtor in the first place. *See* 15 U.S.C. §§ 1692g(a)(1) through (5) and § 1692g(b). Defendant failed to properly comply with any of those provisions.

6.      **Violations of 15 U.S.C. § 1692f(1).** In numerous similar cases and foreclosure actions throughout the State of Florida, Defendant claims, without authorization or contractual justification, that the alleged debtor—including the Plaintiff named herein, and many other similarly situated owners of Florida timeshares—owe the same $1,100.00 in additional, unauthorized collection fees and foreclosure costs, regardless of each debtor's default amount, that have no basis in law or fact. In addition to the obviously predatory nature of these baseless fees and costs, Defendant routinely and repeatedly fails to properly notify the subject debtors of their rights to dispute and to seek verification of the alleged debts in clear violations of the FDCPA and FCCPA. **Please see Exhibits 1, 2, 3 and 4.**

## II.  RELEVANT STATUTES AND CASE LAW APPLICATION

### A. THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")

7.     The FDCPA regulates the behavior of debt collectors that seek to collect debts on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of social and financial issues, including personal bankruptcies, marital instability, loss of employment, emotional distress, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §§ 1692(a) through (e). To advance the purposes of the FDCPA, Congress included several specific consumer-protective rights, including, but not limited to, those in §§ 1692c, 1692g, and 1692f.

8.     The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of even just one violation. Courts use the "least sophisticated consumer" standard, an objective test, when assessing whether a Defendant's conduct violates the FDCPA.

9.     To protect consumers against the use of unconscionable and unfair practices by debt collectors, the FDCPA prohibits the use of unfair or unconscionable means to collect or attempt to collect any debt and enumerates a non-exhaustive list of unconscionable or unfair debt collection practices that constitute *per se* violations of the statute. See 15 U.S.C. §§ 1692f. Included among the *per se* violations prohibited by this section are the attempt to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation)

unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1).

10.     A "consumer" is "any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. § 1692a(3).

11.     A "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. *Id.* § 1692a(6). Defendant is a debt collector under the FDCPA.

12.     The FDCPA's substantive provisions indicate that debt collection is performed through either "communication," "conduct," or "means." A "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium. *Id.* § 1692a(2).

13.     A "creditor" means "any person who offers or extends credit creating a debt or to whom a debt is owed...." Id. § 1692a(4).

14.     Numerous federal courts have acknowledged that foreclosure actions fall within the purview of debt collection activities. "In fact, every mortgage foreclosure, judicial or otherwise, is undertaken for the very purpose of obtaining payment on the underlying debt, either by persuasion (i.e, forcing a settlement) or compulsion (i.e., obtaining a judgment of foreclosure, selling the home at auction, and applying the proceeds from the sale to pay down the outstanding debt)." *Glazer v. Chase Home Finance LLC*, 704 F. 3d 453 (6th Cir. 2013). *See also Goodrow v. Friedman & MacFadyen, P.A.*, 788 F. Supp. 2d 464, 471 (E.D. Va. 2011) ("[A] debt collector must comply with the FDCPA while complying with a state foreclosure law."); *Romea v.*

*Heiberger & Assocs.*, 163 F.3d 111, 118 (2d Cir. 1998).

15.    The Federal Trade Commission ("FTC"), in its commentary on the FDCPA, carved out an exception to § 1692a(6)(F)(i) for the collection of debts that are incidental to a bona fide fiduciary or escrow relationship. This exception "applies to entities such as trust departments of banks" and "escrow companies," but does not include "a party who is named as a debtor's trustee solely for the purpose of conducting a foreclosure sale," such as FATIC here. Consequently, Defendants are not subject to any exception to the FDCPA. *See* Statements of General Policy or Interpretation — Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50103 (Fed. Trade Comm'n Dec. 13, 1988). *Harris v. Liberty Community Mgmt., Inc.*, 702 F.3d 1298 (11th Cir. 2012).

16.    To properly assert a violation of the FDCPA, the Plaintiff must allege that (1) they have been the objects of collection activity arising from consumer debt, (2) the Defendant(s) are debt collectors as defined by the FDCPA, and (3) the Defendant(s) have engaged in an act or omission prohibited by the FDCPA.

17.    Trustees pursuing foreclosure actions are debt collectors within the meaning of the FDCPA. *McCray v. Fed. Home Loan Mortg. Corp.*, 839 F.3d 354, 359 (4th Cir. 2016). Importantly, the FDCPA "does not include any requirement that a debt collector be engaged in an activity by which it makes a demand for payment," and thus includes trustees pursuing foreclosure actions within its purview. *Id.*

18.    A communication related to debt collection does not become unrelated to debt collection simply because it also relates to the enforcement of a security interest. *Reese v. Ellis, Painter, Ratterree & Adams*, 678 F.3d 1211 (11th Cir. 2012).

19.    Among the *per se* violations prohibited by the FDCPA is 15 U.S.C. § 1692c(b):

(a) COMMUNICATION WITH THIRD PARTIES.  Except as provided in section 804, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, *a debt collector may not communicate, in connection with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector*. (emphasis added).

20.     Among the *per se* violations prohibited by the FDCPA is 15 U.S.C. § 1692f (6):

(6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—

(A)     there is no present right to possession of the property claimed as collateral through an enforceable security interest;

(B)     there is no present intention to take possession of the property; or

(C)     the property is exempt by law from such dispossession or disablement.

21.     15 U.S.C. § 1692g provides:

(a)     **Notice of debt; contents.** Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) **the amount of the debt;**
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, **within thirty days** *after receipt* **of the notice**, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector **in writing within the thirty-day period** that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request **within the thirty-day period**, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**(b)     Disputed debts.** If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, *the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment*, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. (emphasis added).

22.     The validation notice may not be either "overshadowed" or contradicted by other language or material, either within the original collection letter or in any subsequent collection letters sent within 30 days after the debtors' receipt of the first one. *Swanson v. Southern Oregon Credit Service, Inc.,* supra, 869 F.2d 1222 (9th Cir. 1988); *Harris v. Payco General American Credits, Inc.,* 98 C 4245, 1998 U.S. Dist. LEXIS 20153 (N.D. Ill. Dec. 9, 1998). Importantly, "a notice is overshadowing or contradictory if it would make the least sophisticated consumer uncertain as to her rights." *Russell v. Equifax A.R.S.,* 74, F.3d 30 (2d Cir. 1996).

23.     The FDCPA's bona fide error defense at 15 U.S.C. § 1692k(c) does not apply to a violation of the FDCPA resulting from a debt collector's incorrect interpretation of a legal requirement of the FDCPA. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1611-12 (2010). "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23, 104 S. Ct. 296, 78 L. Ed. 2d 17 (1983).

24.     Pursuant to 15 U.S.C. § 1692n, the FDCPA does not preempt state laws unless and only to the extent "those laws are inconsistent with any provisions of this subchapter."

**§ 816.  Relation to State laws [15 USC 1692n]**

This title does not annul, alter, or affect, or exempt any person subject to the provisions of this title from complying with the laws of any State with respect to debt collection practices, except to the extent that those laws are inconsistent with any provision of this title, and then only to the extent of the inconsistency. For purposes of this section, *a State law is not inconsistent with this title if the protection such law affords any consumer is greater than the protection provided by this title. (emphasis added).*

25.     A debt collector must comply with the FDCPA while complying with a state foreclosure law. As discussed at Paragraph 26, *infra*, "in applying and construing" the state debt collection law applicable in this case, "due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act." FLA. STAT. § 559.77(5).

## B. THE FLORIDA CONSUMER COLLECTION PRACTICES ACT ("FCCPA")

26.     The FCCPA is an act promulgated to regulate the conduct of debt collectors; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines in furtherance of protecting consumers from unfair collection practices. Importantly, "in applying and construing" the FCCPA, "due consideration and great weight shall be given to the interpretations of the [FTC] and the federal courts relating to the federal Fair Debt Collection Practices Act." FLA. STAT. § 559.77(5).

27.     Under the FCCPA, a person who suffers injury, loss, or damage, or from whom money was collected using a method, act, or practice in violation of this act may bring an action for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the Defendant's

liability for any additional damages arising from a claim brought under this subsection, the court shall consider the nature of the Defendant's noncompliance with the FCCPA, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional. See FLA. STAT. § 559.77.

28. The FCCPA defines "debt collector" as "any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term "debt collector" includes any creditor who, in the process of collecting her or his own debts, uses any name other than her or his own which would indicate that a third person is collecting or attempting to collect such debts." FLA. STAT. § 559.55(7). Defendant is a debt collector under the FCCPA.

29. "Debtor" or "consumer" means any natural person obligated or allegedly obligated to pay any debt. FLA. STAT. § 559.55(8).

30. In the instant case, Defendant violated the rights of Plaintiff and the Proposed Class Members afforded by numerous provisions of the FCCPA through Defendant's unlawful conduct, including, but not limited to, when Defendant:

a. violated § 559.72(5) by threatening to communicate private and false debt information to the public generally and did so through **Exhibits 1, 2 and 3**;

b. violated § 559.72(9) by claiming, attempting, or threatening to enforce a debt when it knew the debt was not legitimate, and asserting the existence of some other legal right when it knew that the right does not exist, through **Exhibits 1, 2 and 3**;

c. violated § 559.72(13) by threatening to advertise, and then actually advertise the sale of

the timeshare property and make publicly available false debt amounts allegedly owed by

Plaintiff and the Proposed Class Members as an unlawful means to expedite payment of a debt

through **Exhibits 1, 2, 3, and Exhibit 4**; and

d.      violated § 559.72(14) by threatening to communicate and publish private and false debt

information to the public generally and did so through **Exhibits 1, 2, 3, and 4**.

29.      "Communication" under the FCCPA means the conveying of information

regarding a debt directly or indirectly to a person through any medium. Defendants are

communicating demands for payment of a debt through their notice letters, use of foreclosure

proceedings, and threatened consequences to Plaintiffs' credit score. Please see **Exhibits 1, 2, 3,
and 4.**

### III. JURISDICTION & VENUE

30.      Jurisdiction arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337.

31.      Supplemental jurisdiction for Plaintiff's state law claims arises under 28 U.S.C.

§1367. The factual basis of the FCCPA claim is the same as the factual basis of the FDCPA

claim and this district court has supplemental jurisdiction over all other claims that are so related

to the claims in the action within such original jurisdiction that they form part of the same case or

controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a).

Additionally, as previously noted at Paragraph 25, *supra*, Florida courts give great deference to

FTC guidance and the interpretations of federal courts analyzing FDCPA matters when

considering FCCPA cases.

32.      Declaratory relief is available under 28 U.S.C. §§ 2201, 2202.

33.      Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b)

because a substantial part of the debt collection activities giving rise to Plaintiff's and the

Proposed Class Members' FDCPA and FCCPA claims occurred within this federal judicial district.

## IV. PARTIES

34.    At all relevant times to this complaint, Plaintiff Simons is a natural person and "consumer" under the FDCPA, as well as, a "debtor" or "consumer" under the FCCPA. Plaintiff Simons purchased a floating use condominium timeshare interest with The Grand Beach Resort Condominium Association, Inc. ("Association") that is the subject of the alleged debt located in Orange County, State of Florida.

35.    At all relevant times to this complaint, Defendant First American has been and remains a debt collector within the meanings of the FDCPA and the FCCPA. Defendant First American is incorporated in the State of Nebraska with a registered agent in the State of Florida listed as Chief Financial Officer, 200 E. Gaines St., Tallahassee, FL 32399-0000. Defendant First American collects or attempts to collect debts on behalf of the Association, as Trustee.

## V. FACTS CONCERNING PLAINTIFF

36.    On or about July 13, 2018, Plaintiff received a debt collection communication from Defendant First American attempting to collect on a defaulted debt for the Association. The letter stated that Plaintiff Simons was to pay $2,014.96 plus $250.00 "Other costs" within 30 days of receipt of the letter or a Claim of Lien would be placed against the property. **Please see Exhibit 1**. The letter gave no mention of why "Other costs" of $250.00 would have to be paid or how the "Other costs" were to be earned *prior* to the Claim of Lien being filed.

**NOTICE OF INTENT**
**TO RECORD A CLAIM OF LIEN**

RE: Unit 112 / Week 45 / Annual Timeshare Interest of The Grand Beach Resort Condominium Association, Inc., a Florida not-for-profit corporation.

This Notice is being sent on behalf of The Grand Beach Resort Condominium Association, Inc., a Florida not-for-profit corporation. ("Association").

The following amounts are currently due on your account The Grand Beach Resort Condominium Association, Inc., a Florida not-for-profit corporation and must be paid within 30 days after your receipt of this letter. This letter shall serve as the association's notice of intent to record a Claim of Lien against your property no sooner than 30 days after your receipt of this letter, unless you pay in full the amounts set forth below:

Maintenance due  (01/15/2018-present)     $ 2014.96

Late fee, if applicable    $ 0.00

Interest through  (01/15/2018-present) *   $ 0.00

Certified mail charges:    $ 0.00

Other Costs    $ 250.00

TOTAL OUTSTANDING    $ 2014.96, plus Other Costs shown above

*Interest accrues at the rate of zero percent per annum.

Note: The amount of maintenance fees due within thirty (30) days of the receipt of this letter may differ from the amount that will be secured by the Claim of Lien.

37.    The letter also informed Plaintiff Simons that the letter was from a debt collector

and "THIS ACTION IS AN ATTEMPT TO COLLECT A DEBT."

NOTICE IS HEREBY GIVEN THAT THIS ACTION IS AN ATTEMPT TO COLLECT A DEBT, THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE, AND THAT THE DEBT MAY BE DISPUTED.  NOTWITHSTANDING THE FOREGOING, TO THE EXTENT THAT ANY DEBT ASSOCIATED WITH ANY OF THE ABOVE STATED AMOUNTS MAY HAVE BEEN DISCHARGED IN A BANKRUPTCY PROCEEDING UNDER TITLE 11 OF THE UNITED STATES CODE, PLEASE BE ADVISED THAT THIS IS AN ACTION TO COLLECT A DEBT IN REM AGAINST THE PROPERTY ENCUMBERED BY SUCH LIEN AND NOT IN PERSONAM AGAINST ANY OBLIGOR.
**Please see Exhibit 1**.

38.    The letter from Defendant First American at **Exhibit 1** was the first contact

Plaintiff Simons had received from Defendant First American. The letter did not include any

notice of the Federal Mandatory Dispute and Validation/Verification rights required to be sent by

a debt collector when the " ACTION IS AN ATTEMPT TO COLLECT A DEBT," as required

under 15 U.S.C. § 1692g.

39.     On or about September 14, 2018, Defendant First American sent Plaintiff a "Notice of Default and Intent to Foreclose," advising Plaintiff that a Claim of Lien was recorded "in the Public Records of Orange, Florida, thereby perfecting the lien of Assessments, Fees, and Taxes pursuant to the Declaration and sections 721.16 and 192.037 Florida Statutes."

40.     Defendant's letter at **Exhibit 2** sought payment of the amount in default along with a "foreclosure processing fee of $200.00, which amount will increase as the foreclosure proceeding progresses." None of these arbitrary, unsubstantiated costs are subject to collection or authorized under Plaintiff's original contract with the Association or Developer that sold the timeshare unit to or allowed to be assessed by law under 15 U.S.C. § 1692f(1).

41.     Further, Defendant's letter at **Exhibit 2** stated it was from a Debt Collector and "THIS ACTION IS AN ATTEMPT TO COLLECT A DEBT" as it stated in the letter at **Exhibit 1**:

NOTICE IS HEREBY GIVEN THAT THIS ACTION IS AN ATTEMPT TO COLLECT A DEBT, THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE, AND THAT THE DEBT MAY BE DISPUTED. NOTWITHSTANDING THE FOREGOING, TO THE EXTENT THAT ANY DEBT ASSOCIATED WITH ANY ONE OR MORE OF THE LIENS DESCRIBED ON EXHIBIT 'A' HERETO MAY HAVE BEEN DISCHARGED IN A BANKRUPTCY PROCEEDING UNDER TITLE 11 OF THE UNITED STATES CODE, PLEASE BE ADVISED THAT THIS IS AN ACTION TO COLLECT A DEBT IN REM AGAINST THE PROPERTY ENCUMBERED BY SUCH LIEN AND NOT IN PERSONAM AGAINST ANY OBLIGOR.

The Association has appointed the following Trustee to conduct the trustee's sale:

First American Title Insurance Company, a Nebraska corporation, duly registered in the state of Florida as an Insurance Company, 400 S. Rampart Blvd, Suite 290, Las Vegas, NV, 89145, (866) 505-9107

42.     Once again, this letter at **Exhibit 2** failed to include any reference to Plaintiff's right to dispute and verify the debt as required by the FDCPA at 15 U.S.C. § 1692g.

43.     Further, after Defendant violated the Plaintiff's rights under the FDCPA, specifically the Plaintiff's rights to dispute and to verify the debt, and to be spared any further

collection efforts unless and until the debt was verified, Defendant continued collection efforts on the debt, including subsequent demands for payment.

44.     The unlawful failure of Defendant to include the mandatory dispute and verification notice in its letters prevented Plaintiff from meaningfully advocating for himself or otherwise disputing or seeking verification of the debt, essentially opening a loophole through which Defendant felt they could—and, indeed, do—continue its improper collection efforts with impunity.

45.     In this case, Defendant felt it did not have to "***cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment***," under 15 U.S.C. § 1692g(b), if there was no pending dispute or request for verification (emphasis added).

46.     Essentially, Defendant has circumvented Plaintiff's Federal rights to be free from continued unfair collection practices by failing to even afford them the opportunity to dispute or verify the alleged debt in the first place.

47.     The lack of a consumer dispute or demand for verification allows a debt collector to continue with its collection efforts unfettered and to pursue any payment amounts it wants—no matter how unlawful—as Defendant continued to do when it initiated and continued the foreclosure and collection process as outlined herein.

48.     As a result of Defendant's violations of 15 U.S.C. § 1692g(b), wherein Defendant failed to give Plaintiff an opportunity to dispute the debt in the first place, Defendant was abel to forge ahead with its unlawful collection activities, causing a Claim of Lien to be filed in the public records of the Orange County, FL recorder improperly foreclosing on Plaintiff's personal property interest in contravention to Florida law.

49.     Indeed, as **Exhibit 3** shows, Defendant caused a lien in the defaulted amount of $2,014.96 to be recorded by the Association against Plaintiff in the public records of Orange County, Florida, without giving Plaintiff the statutorily guaranteed rights to dispute and seek verification of the debt, or Defendant's authority to pursue the same, under 15 U.S.C. §§ 1692g(a)(1) through (5).

50.     Nonetheless, Defendant continued its unlawful and improper collection efforts and even went so far as to set a date for the timeshare interest to be sold in the letter dated October 31, 2018. **Please see Exhibit 3.**  The letter again warned that a Claim of Lien was recorded "in the Public Records of Orange County, Florida, thereby perfecting the lien of Assessments, Fees, and Taxes pursuant to the Declaration and sections 721.16 and 192.037 Florida Statutes."

51.     This time at **Exhibit 3**, Defendant sought *"estimated foreclosure costs in the amount of $650.00 and must be delivered by cash or certified funds to the Trustee"* to cure the default before the trustee issues the certificate of sale.  There was no reference as to why Plaintiff would be liable for $650.00 in foreclosure costs.

52.     Again, Defendant plainly stated that the communication was an attempt to collect a debt, but failed to include all of the mandatory dispute and validation notices required by the FDCPA:

> NOTICE IS HEREBY GIVEN THAT THIS ACTION IS AN ATTEMPT TO COLLECT A DEBT, THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE, AND THAT THE DEBT MAY BE DISPUTED.  NOTWITHSTANDING THE FOREGOING, TO THE EXTENT THAT ANY DEBT ASSOCIATED WITH ANY ONE OR MORE OF THE LIENS DESCRIBED ON SCHEDULE "1" HERETO MAY HAVE BEEN DISCHARGED IN A BANKRUPTCY PROCEEDING UNDER TITLE 11 OF THE UNITED STATES CODE, PLEASE BE ADVISED THAT THIS IS AN ACTION TO COLLECT A DEBT IN REM AGAINST THE PROPERTY ENCUMBERED BY SUCH LIEN AND NOT IN PERSONAM AGAINST ANY OBLIGOR.

**Please see Exhibit 3.**

53.     The letters at **Exhibits 1, 2 and 3** were from the Defendant in its capacity as Trustee in foreclosing upon Plaintiff's interest and seeking payment on a defaulted debt, and therefore fall within the purview of the FDCPA and FCCPA. **Each letter sought collection fees or payments from Plaintiff**.

54.     Until a debt amount is properly validated, all collection efforts must cease under 15 U.S.C. § 1692g(b). **Please see the statute at Paragraph 21 of this Pleading**.

55.     Purposes of the verification provision in § 1692g(b) include providing the consumer the basic rights of notice as to how and when the debt was originally incurred or other sufficient notice from which the consumer could sufficiently dispute the payment obligation. Defendant denied Plaintiff such basic rights under the FDCPA when Defendant failed to provide Plaintiff with the mandatory notices of how to dispute the alleged defaulted debt and how to seek verification thereof.

56.     Defendant's continued collection efforts further damaged the Plaintiff's financial and public reputation without properly validating the debt as required by Federal law.

**57.**     Defendant sought payments in all three letters attached hereto, including "Other Costs" in the amount of $250.00 on July 13, 2018, at **Exhibit 1**, a "Foreclosure Processing Fee" in the amount of $200.00 on September 14, 2018 at **Exhibit 2**, and "Estimated Foreclosure Costs" in the amount of $650.00 on October 31, 2018 at **Exhibit 3,** along with the amount owed to the Association, for a total of $1,100.00 in unfounded, unauthorized fees assessed without any basis in law or contract.

**58.**     The Default amount of $2,014.96 was placed on the public record with Orange County, improperly indicating that Plaintiff owed a debt, despite the fact that Plaintiff had not be given the opportunity to dispute the same as required by Federal law. **Please see Exhibit 1, 2**

**and 3**. This unverified debt attributed to Plaintiff by Defendant was exposed in the public record for all to see without proper validation and in violation of the FDCPA at §1692c(b).

59.     Defendant was, at all times relevant to this complaint, engaged in the act and/or practice of "debt collection" as that term is contemplated by 15 U.S.C. § 1692a(6), as stated in its letters at **Exhibits 1, 2, and 3**. Defendant's central and only purpose as Trustee was to take Plaintiff's money and property through the use of foreclosure actions and the assessment of arbitrary, unauthorized "other costs," collection fees, and "foreclosure costs" totaling $1,100.00 beyond the original amount of principal owed.

60.     Defendant is perpetrating this illegal and wrongful collection and foreclosure scheme throughout the State of Florida in "Batches." Please see an example of one "Batch" that includes Plaintiff's Default and hundreds of other Florida timeshare owners. **Please see Exhibit 4**.

61.     Defendant is, at all times relevant to this complaint, a "consumer collection agency" as that term is defined by FLA. STAT. § 559.55(3).

62.     Defendant is not a "creditor;" rather, Defendant has been brought in by the Association for the principal purpose of collecting debts central to their position as a trustee.

63.     Defendant was not part of the collection process until the first contact on Plaintiff on July 13, 2018, as shown at **Exhibit 1.** First American's collection activities were central to its role as Trustee in the instant matter and were not incidental to any other responsibilities. Defendant was brought in by the Association for the sole purpose of collecting money and pursuing foreclosure actions, both of which fall squarely within the purview of the FDCPA and FCCPA

64.     Defendant's letters attached hereto as **Exhibits 1, 2, and 3**, are "communications"

as defined by the FDCPA and FCCPA. The alleged debt at issue arose out of a transaction in which the money, property, insurance, or services at issue are primarily for personal, family, or household purposes; in other words, "consumer debt" within the meaning of the aforementioned statutes.

65.     Defendant is exposing Plaintiff's and the Proposed Class Members' private financial information to third-parties and the public in general in violation of 15 U.S.C. §1692c(b), including an alleged debt that includes arbitrary, unauthorized, unsubstantiated amounts that Defendant claims are owed despite having clearly deprived Plaintiff and the Proposed Class Members of their rights to dispute and to verify the same under the FDCPA. **Please see the Batch Filing of Defaults of the Proposed Plaintiff Class at Exhibit 4**.

66.     Defendant utilized this same unlawful collection payment process throughout the State of Florida, charging the same $1,100.00 in "other costs" and foreclosure fees, with no authorization of justification, regardless of each debtor's alleged default amount and without properly notifying consumers of their dispute and verification rights as required by Federal law under 15 U.S.C. § 1692g. **Please see the Batch Filing of Defaults of the Proposed Plaintiff Class at Exhibit 4**.

67.     The Florida Timeshare Statute that Defendant references in its letters at **Exhibit 1, 2 and 3** does not expressly afford any remedies to Plaintiff for the damage done to his public reputation through Defendant's unlawful and improper collection efforts and resulting violations of state and federal law.

68.     Plaintiff and the Proposed Class have suffered an injury in fact and still face, or have been subject to, damage to their financial and public reputation, recording costs, and increased attorney fees as a result of Defendant's collection threats and demand for payment

shown in **Exhibits 1, 2, 3 and 4**, and did suffer such injuries stated here and in Paragraphs 1-6 and 36-67 as stated above because of the Defendant's unlawful and improper debt collection activities, including Defendant's failure to notify Plaintiffs of their Federal right to dispute and verify the debt as well as unlawfully proceeding to foreclose upon personal property in violation of the FDCPA, FCCPA, and Florida's timeshare statute.

69.     Plaintiff and the Proposed Class Members suffered injury in fact when Defendant's wrongful conduct as alleged above violated § 1692e and § 1692g and when Defendant failed to provide, and the Plaintiff and the Proposed Class Members failed to receive, information the FDCPA requires.

70.     Plaintiff and the Proposed Class Members suffered injury in fact when Defendant's wrongful conduct as alleged above caused significant risks of harm to the Plaintiff and the Proposed Class Members of paying more than was actually owed or more than Defendant was authorized to collect or attempt to collect. Plaintiff and Proposed Class Members continue to face risks of such harms.

71.     Plaintiff and the Proposed Class Members suffered injury in fact when Defendant's wrongful conduct as alleged above: caused risks of paying alleged debts that the consumers would have preferred to contest; denied Plaintiff and the Proposed Class Members the opportunities to dispute the alleged debts; caused the Plaintiff and the Proposed Class Members to unintentionally waive their rights to dispute and to seek verification; demanded payments of unauthorized fees; and denied Plaintiff and the Proposed Class Members a pause in collection activity until the alleged debts were verified.

## VI. DEFENDANTS' POLICIES AND PRACTICES COMPLAINED OF

72.     Upon information and belief and the attached Exhibits, it is Defendant's policy and practice to send initial written collection communications for its Diamond Resorts condominium and timeshare association clients in the forms attached as **Exhibits 1, 2 and 3** without including the proper dispute and verification notices required by 15 U.S.C. §§ 1692g(a) and (b).

73.     In violation of 15 U.S.C. § 1692f(1) and 15 U.S.C. § 1692e, Defendant, in an effort to increase their business and profits, have knowingly chosen to use debt collection practices that violate the FDCPA and Florida law by also charging "Other Costs" of $250.00, as well as, $200.00 and $650.00 in foreclosure costs on all debtors that receive Defendant's "Notice of Intent to Record a Claim of Lien," "Notice of Default and Intent to Foreclose," and "Trustee's Notice of Sale" letters when communicating demands for payments regarding alleged defaulted debts. This $1,100.00 amount bears no connection to the amount of the alleged debt and does not arise from any contractual obligation; it is an entirely arbitrary fee assessed by Defendant in violation of federal and state law.

74.     The Defendant's collection attempts discussed herein are made to the competitive disadvantage of those law-abiding debt collectors who have chosen to refrain from using those same unlawful debt collection practices, which violate 15 U.S.C. § 1692f (1), 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692g(a) and 15 U.S.C. § 1692g(b).

75.     The acts and omissions of Defendant, done in an effort to collect the alleged debts from Plaintiff and those similarly situated timeshare owners receiving the same types of correspondence shown through **Exhibits 1, 2 and 3** were done intentionally and willfully.

76.     Defendant is following the same plan and practice for obtaining "other costs" and collection and foreclosure fees from Plaintiff and Proposed Class Members without properly

notifying any of them of their rights to dispute the debts and to seek verification of the same as required by the FDCPA and FCCPA. **Please see the Batch of other Florida Timeshare owners' examples at Exhibit 4**.

## VII. CLASS ACTION ALLEGATIONS

77.     This action is brought as a class action as Defendant is following the same practices discussed above in filing improper notices of liens, foreclosing on those liens in contravention to Florida law, and charging arbitrary, unauthorized fees and costs throughout the State of Florida and in flagrant violation of federal and state debt collection laws. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

78.     With respect to the Plaintiff **FDCPA Class**, this claim is brought on behalf of a class of (a) all owners of Florida timeshares; (b) to whom Defendant sent written communications in the forms attached as **Exhibits 1, 2 and 3 and 4**; (c) in connection with Defendant's attempts to collect debts; (d) which written communications violate the FDCPA by not properly notifying recipients of their rights to dispute the debts and seek verification of the same as required by the FDCPA at 15 U.S.C. § 1692g(a) and (b); (e) while seeking to collect "Other Costs" and foreclosure fees without any basis or authorization in violation of 15 U.S.C. § 1692f(1) and 15 U.S.C. § 1692e; and (f) during a period beginning one year prior to the filing of this action and ending upon the service of this amended complaint.

79.     With respect to the Plaintiff **FCCPA Class**, this claim is brought on behalf of a class of (a) all owners of Florida timeshares; (b) to whom Defendant sent written communications in the forms attached as **Exhibits 1, 2, 3, and 4**; (c) in connection with

Defendant's attempts to collect debts; (d) which written communications violate the FCCPA; (e) within a period of time of two years up to the date of the filing of this lawsuit by:

a.     Violating § 559.72 (14) by threatening to publish or post, threaten to publish or post, or cause to be published or posted before the general public the debts of Proposed Class Members that are false and unverified amounts for the purpose of enforcing or attempting to enforce collection of consumer debts; **See Exhibits 1, 2, 3 and 4**;

b.     Violating § 559.72 (9) by threatening to enforce a debt when such person knows that the debt is not legitimate and continues to collect on the debt and contacted Plaintiff without having validated or verified the debt; **See Exhibits 1,2,3 and 4**;

c.     Violating § 559.72 (5) by disclosing to the public about the disputed with no legitimate legal or reasonable reason to do so; **See Exhibits 1, 2, 3 and 4**; and

d.     Violating § 559.72(10) by communicating with Plaintiff with the threats to file public Claim of Liens based on false debt amounts without providing Plaintiff with their Federal Rights of Verification and Dispute to prevent the publication of the debts through a Claim of Lien. **Please see letters 1,2, 3 and 4**.

80.     The identities of all class members are readily ascertainable from the records of Defendant and the Creditor for which Defendant collects or attempts to collect. Excluded from the Plaintiff Proposed Classes are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families. **Please see the Batch Filing of Defaults of the Proposed Plaintiff Class at Exhibit 4**.

81.     There are questions of law and fact common to the Plaintiff Proposed Classes, which common issues predominate over any issues involving only individual class members.

The principal issues are whether the Defendant's written communications, in the forms attached as **Exhibit 1, 2, 3 and 4**, violate the FDCPA and FCCPA as stated above.

82.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts, legal theories, and form letters sent to all similarly situated timeshare debtors by Defendant; indeed, Defendant even unlawfully assessed the same $1,100.00 in unauthorized fees and "other costs," regardless of the amount of each Proposed Class Member's alleged defaulted amount. The named Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The named Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and numerous class actions, and neither the named Plaintiff nor his attorneys have any interests which might cause them not to vigorously pursue this action.

83.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

**Numerosity:** Upon information and belief, the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical;

**Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's written communications, in the forms attached as **Exhibits 1, 2, 3, and 4**, violate the FDCPA and FCCPA;

**Typicality:** The Plaintiff's claims are typical of the claims of the proposed class members. Plaintiff and all members of the Plaintiff Classes have virtually identical claims arising out of the Defendant's common uniform course of unlawful conduct complained of herein;

**Adequacy:** The named Plaintiff will fairly and adequately protect the interests of the proposed class members insofar as Plaintiff has no interests that are adverse to the rest of the proposed class members. The named Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit;

**Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would entail.

**Asserted Issue of Law Common to All Class Members:** Whether Defendant's form letters sent to all owners of Florida timeshares made misrepresentations, failed to comply with federal law and charged unauthorized fees and costs in violating the FDCPA and FCCPA.

84.  Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members with virtually identical claims create a risk of inconsistent or varying adjudications which could establish inconsistent precedent for Defendant which, upon information and belief, continues to collect debts throughout the State of Florida by unlawful means.

85.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

86.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

87.  The class would tentatively consist of:

All owners of Florida timeshares that received one or all of the above letters at **Exhibits 1, 2, 3 and 4** from Defendant without the letters informing such timeshare owners of their rights to dispute the debts and to seek verification of the same as required by 15 U.S.C. §1692g and 15 U.S.C. §1692g(b) and, as a result, cause such timeshare owners to face unauthorized collection and foreclosure costs in violation of 15 U.S.C. §1692f(1), as well as, publication of those same false or unauthorize debts on the public record with the resulting damage to their public and financial reputation.

## VIII. FIRST CAUSE OF ACTION

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

88.     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-25 and 30-87 of this Complaint as if fully set forth herein.

89.     Plaintiff and the Proposed Class Members are and have been, at all times relevant to this complaint, natural persons and consumers.

90.     Defendant First American is and has been, at all times relevant to this complaint, a debt collector. Defendant First American collects or attempts to collect alleged defaulted debts

arising out of transactions for personal, family, or household use.

91.     Defendant violated the FDCPA. Defendant's violations, with respect to their written communications in the forms attached as **Exhibits 1, 2 and 3 and 4** include, but are not limited to, the following:

a.     Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

b.     Making false, deceptive, and misleading representations concerning the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A) in **Exhibits 1, 2, and 3**;

c.     Making false, deceptive, and misleading representations concerning any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt in violation of 15 U.S.C. §1692e(2)(B);

d.     Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10);

e.     Using unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f(1) by seeking unlawful, non-judicial foreclosure fees and costs, unauthorized by contract or state law, without providing notice of Plaintiff's and the Proposed Class Members' rights to dispute and to verify the debt as required by 15 U.S.C. § 1692g(a) and § 1692g(b);

f.     Threatening to record false debts and expose private information to third parties and the public in general in violation of 15 U.S.C. §1692c(b) through **Exhibits 1, 2, 3 and 4**;

g.     Threatening and pursuing foreclosure on property, and demanding that Plaintiff and the Proposed Class Members pay arbitrary and unsubstantiated additional extra costs and fees

associated therewith in violation of 15 U.S.C. § 1692f (6); and

h.      Pursuing debt collection in violation of 15 U.S.C. § 1692g after having deprived Plaintiff

and the Proposed Class Members of their rights to seek verification and to dispute the debts they

are being charged, thus entirely depriving Plaintiff and the Proposed Class Members of their

rights to have Defendant cease and desist from making further collection efforts pursuant to 15

U.S.C. § 1692g(b).

## IX.  SECOND CAUSE OF ACTION

## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

92.      Per the FTC's guidance on the nexus between the FCCPA and the FDCPA,

Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-87 of this

Complaint as if fully set forth herein.

93.      Plaintiff and the Proposed Class Members are and have been, at all times relevant

to this complaint, "debtors" or "consumers."

94.      Defendant First American is and has been, at all times relevant to this complaint,

a "debt collector." Defendant First American collects or attempts to collect alleged defaulted

debts arising out of transactions for personal, family, or household use.

95.      Defendant violated Florida Statutes 559.72(9), 559.72(13), 559.72(14), and

559.72(5) as evidenced by **Exhibits 1, 2, 3, and 4,** including that attempt to collect recording

costs, "Other Costs" and foreclosure fees of up to $1,100.00, without any justifiable basis,

contractual or legal justification in violation of Federal law.

## X. PRAYER FOR RELIEF

96.      WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his

favor as follows:

A.   **For the FIRST CAUSE OF ACTION**:

    a)   Statutory and Actual damages for Plaintiff in the amount of $1,000.00 pursuant to 15 U.S.C. 1692k(a)(2)(A) and (B);

    b)   Statutory damages for the Proposed Class Members of the FDCPA Class, *pro rata,* in the amount of the lesser of $500,000.00 or one percent of the net worth of Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(B);

    c)   Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3); and;

    d)   Such further relief as the court deems just and proper.

B.   **For the SECOND CAUSE OF ACTION**:

    a)   Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes; and

    b)   Adjudging that Defendant violated FLA. STAT. §§ 559.72(9), (14), (5), and (13) with respect to Plaintiff and the Proposed Class Members they seek to represent;

    c)   Awarding Plaintiff and the Proposed Class Members actual damages, pursuant to FLA. STAT. § 559.77(2); and

    d)   Awarding Plaintiff additional statutory damages, pursuant to FLA. STAT. § 559.77(2), in the amount of $1,000.00; and

    e)   Awarding an aggregate award of additional statutory damages up to the lesser of $500,000.00 or one percent of the Defendant's net worth for all remaining Proposed Class Members, pursuant to FLA. STAT. § 559.77(2); and

f)     Awarding Plaintiff and the Proposed Class Members punitive damages, pursuant to FLA. STAT. § 559.77(2); and

g)     Awarding Plaintiff and the Proposed Class Members such equitable relief as the Court deems necessary or proper, including enjoining Defendant from further violations of the FCCPA through the letters at **Exhibits 1, 2, 3** and, pursuant to FLA. STAT. § 559.77(2); and

h)     Awarding Plaintiff and the Proposed Class Members counsel reasonable attorneys' fees and costs incurred in this action pursuant to FLA. STAT. § 559.77(2) and Rule 23; and

i)     Awarding Plaintiff and the Proposed Class Members pre-judgment and post judgment interest as permissible by law; and

j)     Awarding such other and further relief as the Court may deem just and proper including a declaratory judgment that the letters at **Exhibit 1, 2, 3** are illegal and must be changed to fit into Florida and Federal law.

## XI. JURY DEMAND

Plaintiff hereby demands that this PROPOSED CLASS ACTION be tried before a Jury.

Dated:  November 14, 2018

/s/ Brian P. Parker
Brian P. Parker – *Trial Counsel*
**DC CAPITAL LAW, LLP**
Florida Bar No. 0980668
700 12th Street NW Ste 700
Washington, D.C. 20005
202-723-5905
bparker@dccapitallaw.com
*Attorney for Plaintiff and*
*Potential Plaintiff Class Members*