UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RUSSELL SIMONS,

    Plaintiff,

v.                                          Case No:   6:18-cv-2002-Orl-40TBS

FIRST AMERICAN TITLE INSURANCE
COMPANY,

    Defendant.

## ORDER

Pending before the court is the parties' Joint Stipulation Regarding First American Title Insurance Company's Motion to Stay and Motion to Dismiss (Doc. 14).

On August 17, 2018, David E. Bartine and Judith S. Bartine filed a putative class action against Diamond Resorts Management, Inc. and First American Title Insurance Company, Case No. 6:18-cv-1364-Orl-40TBS (M.D. Fla.). The Bartines allege that Defendants violated the Fair Debt Collection Practices Act and Florida Consumer Collections Practices Act by sending them statutorily-authorized notices as part of Florida's trustee foreclosure process for timeshare interests. The Bartines' attorney subsequently filed three additional cases on behalf of other plaintiffs, all of which make identical allegations against First American: this case, Case No. 6:18-cv-1993-Orl-40TBS (M.D. Fla.), and Case No. 6:18-cv-1850-Orl-40TBS (M.D. Fla.) (collectively the "Subsequent Cases").

All four cases rest on identical legal theories and closely analogous factual allegations. There are motions to dismiss pending in all the cases and motions to stay pending in the Subsequent Cases. The parties in all four cases have until January 23,

2019, to advise whether the cases should be consolidated pursuant to FED. R. CIV. PRO. 42(a). See (6:18-cv-1850, Doc. 22; 6:18-cv-1993, Doc. 20; 6:18-cv-2002, Doc. 23). In the interim, the parties have stipulated to the entry of a stay of the Subsequent Cases pending a decision on the motion to dismiss in Bartine.

District courts enjoy the discretion to stay discovery during the pendency of a motion that may dispose of the case. However, "there is no general rule that discovery be stayed while a pending motion to dismiss is resolved." Reilly v. Amy's Kitchen, Inc., No. 13-21525-CIV, 2013 WL 3929709, at *1 (S.D. Fla. July 31, 2013). And in practice, motions to stay discovery until the Court decides a potentially dispositive motion are rarely granted. In part this is because more-often-than-not, the result of these stay orders is to delay the resolution of cases. Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. 1988). When the Court is asked to grant a stay it:

> …must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Simpson, 121 F.R.D. at 263; see also Koock v. Sugar & Felsenthal, No. 8:09-cv-609-T-17EAJ, 2009 WL 2579307, at 2 (M.D. Fla. Aug. 19, 2009) ("In deciding whether to stay discovery pending resolution of a motion to dismiss ... the court must take a 'preliminary peek' at the merits of the dispositive motion to see if it 'appears to be clearly meritorious and truly case dispositive.'") (citing McCabe v. Foley, 233 F.R.D. 683, 685 (M.D. Fla. 2006)).

The Court has reviewed all four complaints and the motions to dismiss and finds

there is a realistic possibility that the motion in <u>Bartine</u> will be granted. It is also apparent that the decision in Bartine will affect the progression of the Subsequent Cases. But, the Court does not know when the district court will rule or, if the motion to dismiss is granted, whether the Bartines will be given leave to amend. Consequently, while there is good cause to grant the motion for stay, a closed end stay is more appropriate than the open-ended stay proposed by the parties. Now, the Court **GRANTS** the joint renewed motion to stay this case for **60 days** from the rendition of this order.

      **DONE** and **ORDERED** in Orlando, Florida on January 11, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record